IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ASHLEY B. CLEVENGER )
)
)
)
)
)
)
Plaintiff, )
)
v. )
)
JEH CHARLES JOHNSON, SECRETARY US ) No. 8:18cv2150T36TGW
DEPARTMENT OF HOMELAND SECURITY )
)
Mary Anne Cranford Rhodes, indvidually )
)
)
)
)
)
)
)
)
)
Defendants. )
)

**COMPLAINT (for Discrimination in Violation of the Rehabilitation Act and the Americans with Disabilities Act)**

NATURE OF THE ACTION

1.   This is an action seeking redress for the unlawful discrimination on the basis of Plaintiff's disability - lower neurological spinal complications related to cervical

1

myelopathy and lumbar disc disease- in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. 791 et seq;

## PARTIES

6. Plaintiff Ashley Clevenger is an adult resident of the United States. At all times relevant to this Complaint, Plaintiff suffered from lower neurological spinal complications related to cervical myelopathy and lumbar disc disease , a disability recognized under the Rehabilitation Act and Americans with Disabilities Act in that it effects one or more necessary life functions and inhibits the Plaintiff's abity to perform job duties without reasonable accommodation;

7. Defendant JEH Charles Johnson (Johnson) was the head of the Department of Homeland Security charged with overseeing the United States Customs and Boarder Patrol and is believed to subjected himself the jurisdictional limits of this honorable court. Johnson is being sued in his official capacity.

8. Defendant Department of Homeland Security Customs and Boarder Patrol Agency ("CBP")is a policing agency operating within the jurisdictional limits of this honorable court. Customs and Border Patrol is an employer covered under the Americans with Disabilities Act.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 and is otherwise properly in the jurisdiction of this honorable court.

10. Plaintiff timely filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") against CBP for discrimination in employment.

2

11. This Court may assert jurisdiction over Defendant JEH Johnson as then head of Department of Homeland Security overseeing CBP, with offices located in the State of Florida;

12. Venue in this Court is proper under 28 U.S.C. §1391. CBP, which is located in Washington, D.C. and operates satellite offices within the jurisdiction of the court, has engaged in unlawful discriminatory conduct by requiring its contractors, including CBP, to discriminate against employees with disabilities like the Plaintiff that impede one or more vital life functions. Additionally, "a substantial part of the events or omissions giving rise to the claim occurred" within this jurisdiction.

13. FACTUAL ALLEGATIONS

14. The Rehabilitation Act and the Americans with Disabilities Act expressly prohibit discrimination in employment on the basis of disability. *See* 29 U.S.C. §§ 791, *et seq.*; 42 U.S.C. §§ 12101, *et seq.* Under the Rehabilitation Act, executive agencies such as the State Department cannot deny qualified individuals employment opportunities or benefits or discriminate against them because they have disabilities such as HIV. Likewise, the Americans with Disabilities Act prohibits employers from denying qualified individuals employment because they have disabilities such as the one which Plaintiff suffers specifically (lower neurological spinal complications related to cervical myelopathy and lumbar disc disease);

15. At the time of events giving rise to this complaint, Complainant worked as a Seized Property Specialist at the Agency's Fines, Penalties, and Forfeitures Office facility in Tampa, Florida.

16. On November 5, 2014, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of disability and reprisal for prior request for reasonable accommodation under Section 501 of the Rehabilitation Act of 1973 when:

17. Beginning in April 2014, a Fines, Penalties, and Forfeiture Officer, with no known disability nor prior protected activity, excluded Plaintiff from work related discussions and meetings regarding seized property;

18. Beginning in April 2014, the Officer changed Plaintiff's work assignments which resulted in the assignment of less complicated and more routine menial matters;

19. Between April and September 2014, the Officer did not allow Complainant to enter a security vault for work related activities;,

20. On or about June 2014, the Officer did not allow plaintiff to travel for a temporary duty assignment to other ports or provide training to other units.

21. On or about August 8, 2014, the Officer yelled at Complainant in a loud manner.

22. On August 25, 2014, the Officer physically assaulted Complainant.

23. From November 2014 through January 2015, Complainant was not notified when the Officer returned to the building which resulted in Complainant having to relocate to an alternative work site;

24. In February 2015, Complainant was not given an opportunity to participate in the Supervisor and Senior Seized Property Specialist training course for which he was otherwise qualified to participate in because of his disability;

25. Plaintiff filed several informal administrative complaint against his supervisor with the CBP in writing;

26. On or about September 9, 2014 Plaintiff filed a police report with the city of Tampa reporting that his supervisor Mary Anne Cranford Rhodes informing the police that Rhodes grabbed him by the back around the neck area and turned him abruptly using abusive words. That his knee buckled from underneath him and that he was in fear of imminent bodily harm. Rhodes did these acts in response to complaints the Plaintiff made against her amongst other things;

27. Plaintiff has suffered emotional and physical harm as a result of Rhodes assault and has psychological damages from the assault that remain with him to the present time;

28. Plaintiff timely made claims with the EEOC regarding the discrimination he was facing and the assault by his supervisor;

29. A final order was issued by the EEOC on September 28, 2015;

30. Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. 1614.403(a), from the Agency's September 28, 2015, final decision concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Section

501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. 791 et seq.

31. On May 31, 2018, the EEOC issued Plaintiff a decision on its appeal and gave Plaintiff 90 days from date of receipt of its decision (June 4, 2018) to file a complaint in Federal Court;

## FIRST CLAIM FOR RELIEF

### Violation of the Rehabilitation Act
(against Defendant JEH Charles Johnson)

36. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

37. Because Plaintiff's ailment substantially limits at least one of his major life activities Plaintiff is an individual with a disability under the Rehabilitation Act.

38. Plaintiff was fully qualified to be a Seized Property Specialist at the Agency's Fines, Penalties, and Forfeitures Office facility in Tampa, Florida and could perform all the essential functions of the position. He also met all requirements to participate in trainings and other activities he was denied access to due to his disability CBP is an federal agency to which Section 504 of the Rehabilitation Act applies.

39. Plaintiff filed several formal administrative complaints against his supervisor with the CBP in writing;

6

40. The CBP engaged in the acts including but not limited to the actions enumerated below in violation of Section 504 of the Rehabilitation Act:

- Beginning in April 2014, a Fines, Penalties, and Forfeiture Officer, with no known disability nor prior protected activity, excluded Plaintiff from work related discussions and meetings regarding seized property;
- Beginning in April 2014, the Officer changed Plaintiff's work assignments which resulted in the assignment of less complicated and more routine menial matters;
- Between April and September 2014, the Officer did not allow Complainant to enter a security vault for work related activities;,
- In or about June 2014, the Officer did not allow plaintiff to travel for a temporary duty assignment to other ports or provide training to other units.
- On or about August 8, 2014, the Officer yelled at Complainant in a loud manner.
- On August 25, 2014, the Officer physically assaulted Complainant.
- From November 2014 through January 2015, Complainant was not notified when the Officer returned to the building which resulted in Complainant having to relocate to an alternative work site;
- In February 2015, Complainant was not given an opportunity to participate in the Supervisor and Senior Seized Property Specialist training course for which he was otherwise qualified to participate in because of his disability;

41. By refusing the Plaintiff to participate in specialized training courses he regardless of his ability to perform the essential functions of the job (with or without

7

reasonable accommodation), CBP has denied the Plaintiff, the benefits of an opportunity for advancement, has discriminated against the Plaintiff, all in violation of the Rehabilitation Act.

42. Because of CBP's actions or ommisions, Mr. Clevenger has suffered and will continue to suffer harm.

## SECOND CLAIM FOR RELIEF

### Violation of the Americans with Disabilities Act
(against Defendant Department of Homeland Security
Customs and Boarder Patrol "CBP")

48. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

49. Because Plaintiff's aliment substantially limits at least one of Plaintiff's major life activities Plaintiff is an individual with a disability under the ADA.

43. Plaintiff was fully qualified to be a Seized Property Specialist at the Agency's Fines, Penalties, and Forfeitures Office facility in Tampa, Florida and could perform all the essential functions of the position. He also met all requirements to participate in trainings and other activities he was denied access to due to his disability;

44. Because Plaintiff's ailment substantially limits at least one of his major life activities Plaintiff is an individual with a disability under the Rehabilitation Act.

45. CBP is an federal agency to which Section 504 of the

8

Rehabilitation Act applies.

46. The CBP engaged in the acts including but not limited to the actions enumerated below in violation of Section 504 of the Rehabilitation Act:

- Beginning in April 2014, a Fines, Penalties, and Forfeiture Officer, with no known disability nor prior protected activity, excluded Plaintiff from work related discussions and meetings regarding seized property;
- Beginning in April 2014, the Officer changed Plaintiff's work assignments which resulted in the assignment of less complicated and more routine menial matters;
- Between April and September 2014, the Officer did not allow Complainant to enter a security vault for work related activities;,
- In or about June 2014, the Officer did not allow plaintiff to travel for a temporary duty assignment to other ports or provide training to other units.
- On or about August 8, 2014, the Officer yelled at Complainant in a loud manner.
- On August 25, 2014, the Officer physically assaulted Complainant.
- From November 2014 through January 2015, Complainant was not notified when the Officer returned to the building which resulted in Complainant having to relocate to an alternative work site;
- In February 2015, Complainant was not given an opportunity to participate in the Supervisor and Senior Seized Property Specialist training course for which he was otherwise qualified to participate in because of his disability;

47. By refusing the Plaintiff to participate in specialized training courses he regardless of his ability to perform the essential functions of the job (with or without reasonable accommodation), CBP has denied the Plaintiff, the benefits of an opportunity for advancement, has discriminated against the Plaintiff, all in violation of the Rehabilitation Act.

48. Because of CBP's actions of omissions, Mr. Clevenger has suffered and will continue to suffer harm.

## THIRD CLAIM FOR RELIEF

### Civil Assault and Battery
(against Defendant supervisor Rhodes)

49. On or about August of 2014 Defendant Rhodes grabbed Plaintiff in the neck area and swung him backward causing his knee to buckle;

50. Rhodes was screaming at the Plaintiff causing him fear of eminent bodily harm prior to contact with the Plaintiff;

51. Rhodes did in fact physically touch Plaintiff causing him emotional and physical damages which he suffers to the present day;

52. Plaintiff seeks monetary damages for his physical and emotional injuries that came about as a direct result of Defendant Rhodes wanton and reckless actions.

## FOURTH CLAIM FOR RELIEF

### Negligence
(against Defendant supervisor Rhodes)

53. As a supervisor in a federal agency Defendant Rhodes had a duty to conduct herself as a reasonable professional person avoiding all manners of physical touch with

other employees and acting with civility regardless of situational facts as a public civil servant;

54. Rhodes breached this duty as described in lines 49-51 and 55-59 herein;

55. On or about August of 2014 Defendant Rhodes grabbed Plaintiff with reckless disregard for Plaintiff's safety in the neck area and swung him backward causing his knee to buckle.

56. These actions were reported to the Tampa Police Department on or about September 9, 2014;

57. Rhodes was screaming at the Plaintiff causing him fear of eminent bodily harm prior to contact with the Plaintiff;

58. Rhodes did in fact physically touch Plaintiff causing him emotional and physical damages which he suffers to the present day;

59. Because of Rhodes negligent actions Plaintiff suffered physical and emotional injury which continues to effect him until today;

60. Plaintiff seeks monetary damages for his physical and emotional injuries that came about as a direct result of Defendant Rhodes wanton and reckless actions.

## FIFTH CLAIM FOR RELIEF

### Negligent Hiring and Retention
(against Defendant supervisor CPB)

61. Upon information and belief, subject to future discovery, Plaintiff asserts that Defendant Department of Homeland Security Customs and Boarder Patrol at all times relative to this action knew or should have known of the propensity for Plaintiff's

supervisor Defendant Rhodes to act in violent outburst at the time of her hire and at all times relevant to this action yet did nothing to reprimand Rhodes or rehabilitate her;

62. That as outlined in paragraphs above, 49- 51 and 55-59 herein, Defendant Rhodes acted in a negligent manner causing harm to the Plaintiff and such harm was direct result of Rhodes known propensity for violent outbursts;

63. That Plaintiff would not have been injured if Defendant the Department of Homeland Security Customs and Boarder Patrol took appropriate actions to screen, hire, train, reprimand, and otherwise control the foreseeable actions of its employee Defendant Rhodes;

64. Because of the acts or omissions of the Department Plaintiff suffered foreseeable physical and emotional harm.

## RIGHT TO AMEND

65. Plaintiff retains the right to amend this complaint as needed as a matter of coarse or as a result of new facts and information available after discovery.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment in favor of Plaintiff and against Defendants and award the following relief:

    a. Declaratory relief, including but not limited to a declaration that Defendant JEH Charles Johnson discriminates against individuals with disabilities like the Plaintiff's in violation of the Rehabilitation Act;

b. Appropriate injunctive relief, including but not limited to reinstatement of Plaintiff's position with CBP and an order restraining CBP, and JEH Charles Johnson and his successors from engaging in further discriminatory conduct of the types alleged in this Complaint;

c. Back pay in an amount to be determined at trial;

d. In the event reinstatement is not granted, front pay;

e. Compensatory and consequential damages, including for emotional distress against defendant CBP;

f. Punitive damages against defendant CBP;

g. Pre-judgment and post-judgment interest at the highest lawful rate;

h. Declaratory judgment against defendant Rhodes for engaging in civil assault and battery;

i. Award of damages against Defendant Rhodes for her wanton reckless actions which caused Plaintiff harm damages including but not limited to including actual, consequential, and punitive damages;

j. Award of damages against Defendant Department of Homeland Security Customs and Boarder Patrol for its wanton reckless hiring retention and failure to train defendant Rhodes which caused Plaintiff harm damages including but not limited to including actual, consequential, and punitive damages;

k. Attorneys' fees and costs of this action; and

l. Any such further relief as the Court deems appropriate.

Respectfully submitted,

_/s/ *Tark Richard Aouadi, Esq*_
Tark Richard Aouadi
0671223
CAIR FLORIDA
1507 S Hiawassee Rd 212
Orlando, FL 32835
407-440-9252 x 320